[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFYAND PLAINTIFF'S MOTION FOR RETURN OF AUTOMOBILE
CT Page 10614
The parties are engaged in a contested dissolution of marriage proceeding in which a major issue is how much the defendant husband makes as a self-employed remodeling contractor.
On March 1, 1994, the parties reached an agreement on the issues of alimony and support pendente lite. The defendant agreed to pay $450 per week child support and $100 per week alimony. Further the defendant agreed to pay the first and second mortgages on the family home which amount to $395 per week, real estate taxes prorated at $107 per week, the auto loan payment of $98 per week and certain miscellaneous bills of another $130 per week. The total amount the defendant agreed and was ordered to pay pendente lite was about $1300 per week out-of-pocket, albeit with certain tax advantages for the alimony and mortgage payments which are available to him at year's end.
The financial affidavit of the defendant showed a gross weekly income to the defendant of $2500 per week, with deductions backed out for taxes and business expenses of $546 per week, for a weekly net of $1954. The court, in approving the agreement of March 1, 1994, and making it an order of the court had no information at the time other than that the defendant's net was $1954, so that the defendant would have been left with an adequate weekly amount of about $650 per week to cover his personal needs and living expenses.
The defendant has now moved to modify the order of March 1, 1994, claiming that a mistake occurred on the financial affidavit and that he did not, in fact, have disposable income of $1954 per week, but rather $1954 per month. He claims that his own lack of record-keeping, his naivete about the finances of his business, and his reliance on his accountant and on his prior lawyer, who must have miscommunicated with one another, has now resulted in an order that is greatly disproportionate to what he can pay. The plaintiff claims that the defendant has been hiding income all along, that there was no "mistake" on the part of the defendant on the affidavit or in the agreement, and that, in fact, the defendant makes a great deal more that $2500 gross per week.
The conflicting claims of the parties have resulted in an evidentiary hearing on the defendant's motion to modify his maintenance payments. Both parties testified and each side CT Page 10615 presented testimony of experts in accounting or business evaluation.
The court does not credit the testimony of the defendant that he was laboring under a mistaken impression of his actual gross earnings. Neither however is the court persuaded by the plaintiff that the defendant has vastly understated the gross receipts of his business. Unfortunately discovery has not yet been completed in the matter so that the parties, their consultants, and the court has had to operate here with less than a full understanding of what the evidence may ultimately and credibly show at the time of the final hearing.
Based on the evidence, the court finds that the gross weekly income and earning capacity of the defendant is $2500, but that his net is actually $1500 because he unintentionally understated the actual and reasonable business expenses necessary for him to generate the gross income. Since the court now finds his weekly disposable income to be $1500, the court finds it inequitable to require him to pay approximately $1300 of that for the support of his family.
The court finds the amount of $295 per week as child support to be in accordance with the child support guidelines and additionally orders the defendant to pay alimony in the amount of $100 per week. The defendant is ordered to pay the mortgages, real estate taxes, and insurance on the family home. He shall continue to be responsible for payment of any health insurance coverage now available for the plaintiff and the minor child and shall pay one half of all unreimbursed medical costs for the minor child. However in the event no such medical insurance is carried for the minor child, the defendant shall pay the entire cost of reasonable and necessary health needs for the child. In either event, the reasonable and necessary costs for orthodontia shall be paid solely by the defendant pendente lite.
The plaintiff has moved for the return, pendente lite, of the 1979 Porsche of which the defendant was granted use in May 1994. That motion is granted, and the defendant is to return the vehicle to the plaintiff's custody immediately.
Patty Jenkins Pittman, Judge CT Page 10616